WILLIFORD v. WILLIAMS.

(October 16, 1900.)

*Trespass—Burden of Proof—Cutting Timber.*

> Where defendant admits cutting timber but claims the right under contract with plaintiff, who denies selling timber on entire tract, burden is on defendant to show the right to cut timber on the disputed part.

CIVIL ACTION by J. B. Williford and another against J. C. Williams, heard by Judge *H. R. Starbuck* and a jury, at Spring Term, 1900, of BERTIE Superior Court. From judgment for defendant, plaintiffs appealed.

*Martin & Peebles,* for plaintiffs.
*Francis D. Winston,* for defendants.

MONTGOMERY, J. The plaintiffs, in their complaint, allege that the defendant trespassed upon their lands, and cut and removed valuable timber trees therefrom, and was still trespassing and cutting timber. The purpose of the action was to recover damages for the trespass, including the value of the timber cut, and for an injunction to restrain the defendant from further trespass. The defendant, in his answer, admits that the title to the land is in the plaintiff, J. B. Williford, and Sarah E. Askew, the wife of the other plaintiff, A. J. Askew; but he avers that he had a contract with the plaintiffs under the terms of which he became the purchaser from the plaintiffs of the right for the term of a year to cut the standing timber on the tract of land, and that his entry and cutting the timber were not unlawful, but rightful, under the contract. The plaintiffs, in their replication, denied that they had made a contract with the defendant by which they sold to him the timber on the entire tract of

land, as was alleged in the answer; but they admitted that the plaintiffs, Williford and A. J. Askew, sold to the defendant the timber left on a certain portion of the land, to-wit, that part which had been cut over by Hoggard and Daniel. From the statement of case on appeal the only exception made by the plaintiffs (appellants) was one to the instruction of his Honor that the burden was on the plaintiffs by preponderance .of evidence to establish their contention as to the contract, to-wit, that the timber to be cut was that part which had been cut over by Hoggard and Daniel. The contract was a verbal one, but in the pleadings the plaintiffs did not set up as a defence the statute requiring such a contract to be in writing. The plaintiffs introduced testimony tending to show that their contract with the defendant embraced only that part of the timber on the Heart's Delight tract, which had been cut over by Hoggard and Daniel; and the defendant introduced evidence tending to show that the contract embraced the timber on the entire Heart's Delight tract. We are of the opinion that there was error in the ruling of his Honor. If the plaintiffs, in their replication, had denied absolutely the statements made and set up as a counter-claim in the answer, certainly the defendant would have had the burden of proving the contract which he set up in the answer, he having admitted that he had cut timber on the plaintiff's land, and carried it off. The fact that in the replication the plaintiffs admitted the defendant's right to cut timber off a part of the land did not relieve the defendant of proving by a preponderance of evidence the right to cut timber from the disputed .portion. The case is analagous to one of a suit upon a note or bond, where the execution of the instrument had been admitted, and payment of the whole averred to have been made, and the plaintiff replied, denying the answer, but admitting part payment. The burden would be on the .defendant to

-show by a preponderance of evidence that he had paid the whole debt; that is, the balance not admitted by the plaintiff to have been paid.

Error.